Complainant filed the bill herein praying that a certain conditional bill of sale of an automobile executed by complainant be set aside and that the enforcement of the bill of sale be enjoined. The matter is before the court on an application for an injunction pendente lite and a cross-application by defendant to strike the bill.
Complainant alleges in substance that being the owner of an automobile he applied to the defendant bank for a loan in the amount of $260, which sum he received from the bank. He further alleges that this transaction took the form of a conveyance of title to the defendant motor car company and a re-conveyance in the form of a conditional bill of sale, calling for payments aggregating the sum of $337.50. He further alleges that the car was insured against fire, theft and so-called $50 deductible collision. He further alleges that he did not understand the various documents signed by him in consummating the transaction and that the transaction was in violation of the express prohibition of the so-called "Small Loan law" and the banking laws of the state. *Page 142 
In my opinion, the bill is defective and the motion to strike must be granted. There is no allegation by complainant as to exactly what he understood the transaction to be, nor is there any prayer for reformation of the documents to conform to any such actual agreement between the parties. There is no allegation as to the price or value of the insurance on the car which complainant received in addition to the loan so that the difference between the amount of the loan and the amount to be paid is not necessarily usurious. The Small Loan law does not apply to national banks. R.S. 17:10-22. But even if the bill be deemed to allege sufficiently an usurious agreement, it is still fatally defective in that it fails to allege any tender by complainant of the amount admittedly received by him or such amount as the court may find to be proper. It is well settled that a complainant who sets up usury and seeks relief from a court of equity must himself first do equity by tendering back the consideration actually received by him. This doctrine was enunciated as far back as Miller v. Ford, 1 N.J. Eq. 358, and was expressly re-affirmed in Okin v. Broad and Market NationalBank, 92 N.J. Eq. 445.
The bill will accordingly be dismissed, and the application for a restraint denied.